United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Rodney Quigley, et al.,

    Plaintiffs,

    v.

Commissioner of Internal Revenue Service, et al.,

    Defendants.
_____/

No. C 08-4616 JL

**DISMISSAL**

    Plaintiffs Rodney Quigley and Debra J. Quigley filed their complaint October 6, 2008. The initial case management conference was scheduled for January 14, 2009 and Plaintiffs were notified. Plaintiffs served two of the defendants, the Commissioner of Internal Revenue, and the California Franchise Tax Board, who responded by filing motions to dismiss. These were granted on the pleadings, without a hearing, on December 8, 2008, by orders filed at docket numbers 15 and 16.

    This case came on for case management conference on January 14, 2009. There was no appearance by Plaintiff. The two dismissed defendants also did not appear. The third defendant, the Arizona Revenue Board, has not been served. Pursuant to Rule 4(m), Federal Rules of Civil Procedure, Plaintiffs are required to serve the summons and

complaint on the Arizona Department of Revenue on or before 120 days after filing, that is, by February 6, 2009.

In addition, Plaintiffs, although appearing without an attorney, are required to comply with the Court's orders and make all appearances ordered by the Court in their case. They are obligated to follow the same rules as represented parties. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). Lack of awareness of the applicable rules and procedures is no excuse for failure to comply with the same. *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) (ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.) Plaintiffs must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. *Collins v. Pitchess*, 641 F.2d 740, 742 (9th Cir. 1981) ("Every plaintiff in federal court has a responsibility to prosecute his action diligently."). Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) without further notice from the Court. *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly, Plaintiffs were ordered to either serve a copy of the Summons and Complaint on Defendant Arizona Department of Revenue on or before February 6, 2009, or appear before the Court on February 11, 2009 at 9:30 a.m. to show cause why their case should not be dismissed for failure to prosecute. The Court warned Plaintiffs that their failure to appear would result in their case being dismissed.

Plaintiffs failed to appear at the show cause hearing. Their complaint is therefore dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 6, 2009

*James Larson*

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-4616 DISMISSAL.wpd